**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CAROLE GRANT HALL, individually and on :
behalf of all others similarly situated,

                                       :

                   Plaintiff,         No. 13 CV 1804

                                         :

          v.                       Hon. Samuel Der-Yeghiayan
                                         :   Magistrate Judge Susan E. Cox

TUNEUP CORPORATION, a Delaware
corporation,                          :

                   Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT JURISDICTIONAL STATUS REPORT

         The parties respectfully submit the following joint jurisdictional statement, as

required by the Court's "Joint Jurisdictional Status Report" Order.

## I.      SUBJECT MATTER JURISDICTION

         This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because it

is a putative class action, the matter in controversy exceeds $5 million, and at least one member

of the putative class is a citizen of a different state than the defendant TuneUp Corporation.

         Citizenship. On both February 6, 2013 (the date the Complaint was filed in

Illinois state court) and March 8, 2013 (the date the Notice Of Removal was filed),[1] plaintiff

---

[1]      A party's citizenship, for purposes of subject-matter jurisdiction under 28 U.S.C. § 1332, is measured at the time the Complaint is filed and (as is the case here) when an action is removed to federal court. See, e.g., Kanzelberger v. Kanzelberger, 782 F.2d 774, 776-77 (7th Cir. 1986) (explaining that citizenship is measured on the date the action was filed and the date that it was removed, and that if on either of those days there was not diversity between the parties -- based on their respective citizenship on those days -- then diversity jurisdiction did not exist).

Carole Grant Hall was a citizen of Illinois, resides in Cook County and intends to continue residing in Cook County.

On both February 6, 2013 and March 8, 2013, defendant TuneUp Corporation was a citizen of Delaware and Florida. It was incorporated in Delaware in 2009 and is still incorporated in Delaware today; it is therefore a citizen of Delaware. Similarly, its principal place of business -- its headquarters -- is in Miami, Florida, and has been since 2011; it is therefore a citizen of Florida. (See TuneUp Corporation's initial filing with the Florida Department of State (Aug. 17, 2011) (Exhibit A); TuneUp Corporation's most recent filing with the Florida Department of State (Nov. 13, 2012) (Exhibit B); "Details by Entity Name" page for TuneUp Corporation on Florida Department of State website (last visited Mar. 22, 2013) (Exhibit C).)

Therefore, on both February 6, 2013 and March 8, 2013, at least one member of the putative class (Ms. Hall) is a citizen of Illinois, which is a different state than the states that TuneUp Corporation is a citizen of (Delaware and Florida).

Matter in controversy. Plaintiff seeks, for herself and on behalf of a putative class, the return of what she and the putative class paid for TuneUp Utilities, or a portion thereof.[2] Because 28 U.S.C. § 1332(d)(2) provides this Court with subject-matter jurisdiction, "the claims of the individual class members shall be aggregated to determine whether the matter in

---

[2]    E.g., Compl. ¶¶ 69 ("Plaintiff therefore prays for damages in the amount she paid to purchase TuneUp Utilities."), 86 ("Defendant's misconduct and breach . . . resulted in injury to Plaintiff and the Class in the form of the price paid for the full version of the software and/or the price paid in excess of the software's actual utility."), 92 ("Plaintiff, on behalf of herself and the other members of the Class, seeks restitution and disgorgement of all amounts by which Defendant has been unjustly enriched.").

controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C.

§ 1332(d)(6).

TuneUp Corporation's revenue on its TuneUp Utilities sales in the United States

is what the putative class paid for TuneUp Utilities; that revenue is more than $2.9 million.

(Koutný Decl. ¶ 8 (Docket No. 5 & Exhibit D hereto).) Because Plaintiff seeks "damages" or

"disgorgement" of what TuneUp Corporation received from Plaintiff and the putative class,

TuneUp Corporation's revenue is properly considered what is "in controversy." For example, in

Oshana Coca-Cola Co., the plaintiff on behalf of a putative class claimed that Coca-Cola violated

the Illinois Consumer Fraud Act and was unjustly enriched by allegedly making

misrepresentations about fountain-soda Diet Coke, and sought, among other things,

disgorgement of Coca-Cola's profits from sales of fountain-soda Diet Coke. 472 F.3d 506, 509

(7th Cir. 2006). Coca-Cola removed to federal court, alleging that subject-matter jurisdiction

existed under 28 U.S.C. § 1332(a) and asserting among other things that its profits for fountain-

soda Diet Coke were "millions of dollars." (See Notice Of Removal ¶ 5, Hahn v. Coca-Cola Co.,

No. 04 C 3596 (N.D. Ill. May 24, 2004) (Exhibit E).) The trial court denied the plaintiff's

motion to remand, and the Seventh Circuit affirmed, explaining that "a good-faith estimate of the

stakes is acceptable if it is plausible and supported by a preponderance of the evidence":

> Although the complaint said nothing about the amount of [the plaintiff's] actual
> damages, Coke's profits from the sale of fountain Diet Coke in Illinois during the
> relevant time period stretched into the millions. That alone would put this case
> securely over the amount in controversy were it not doubtful that [the plaintiff]
> could force Coke to cough up *all* of its profits from the sale of fountain Diet Coke
> in Illinois just by showing she alone had been deceived.

Oshana, 472 F.3d at 512. (Because subject-matter jurisdiction was predicated on 28 U.S.C.

§ 1332(a), the putative class's claims could not be aggregated; see id. at 511; here, in contrast,

jurisdiction is premised on 28 U.S.C. § 1332(d), which expressly requires the putative class's

claims to be aggregated.  See 28 U.S.C. § 1332(d)(6); Standard Fire Ins. Co. v. Knowles, 568

U.S. ----, --- S. Ct. ----, 2013 WL 1104735, at *5 (U.S. Mar. 19, 2013) (explaining that "the

statute requires" a court to 'aggregat[e] the claims of the individual class members" (internal

quotation marks and citation omitted)).)

                Consequently, the compensatory "matter in controversy" -- "the amount required

to satisfy the plaintiff's demands in full . . . on the day the suit was removed" (Oshana, 472 F.3d

at 510-11) -- is more than $2.9 million.  Plaintiff, however, seeks more than that:  the complaint

also asserts a claim for fraudulent inducement, and, as part of that claim, seeks punitive damages

on behalf of the putative class.[3]  If the putative class were to be certified and recover, in addition

to what they paid for TuneUp Utilities as compensatory damages (more than $2.9 million),

punitive damages equal to those compensatory damages (i.e., more than $2.9 million), that would

make the matter in controversy more than $5.8 million, which is more than the $5 million

threshold specified in 28 U.S.C. § 1332(d)(2).  See, e.g., Back Doctors Ltd. v. Metro. Prop. &

Cas. Ins. Co., 637 F.3d 827, 829-31 (7th Cir. 2011) (reversing order remanding a putative class

action to Illinois state court where potential compensatory damages were $2.9 million and an

award of punitive damages equal to compensatory damages was not "legally impossible" -- even

though punitive damages were not requested in the complaint); Keeling v. Esurance Ins. Co., 660

F.3d 273, 275 (7th Cir. 2011) (error to remand putative class action to Illinois state court where it

---

[3]    Compl. ¶¶ 67 ("Defendant has engaged in fraudulent practices designed to mislead and deceive consumers."), 68 ("As a result of their reliance upon on Defendant's misrepresentations, Plaintiff and the Class have been damaged."), 69 ("[B]ecause Defendant's conduct and misrepresentations were malicious and in conscious disregard for Plaintiff's and the Class's rights, both she and the Class are entitled to punitive damages in an amount sufficient to deter such conduct in the future.").

was not legally impossible for punitive damages to be five times compensatory damages (albeit "[i]mprobable")).

Therefore, the matter in controversy exceeds $5 million.[4]

## II.    VENUE (PLAINTIFF'S POSITION)[5]

Venue is proper in this District because TuneUp Corp. does substantial business here, including soliciting consumer business and entering into consumer transactions, as evidenced by the transaction between it and Plaintiff at issue here.  (See Compl. ¶¶ 8-9.)  Further, because Plaintiff purchased, downloaded, installed and ran the software in question on her computer from within this District, her alleged injuries arose, at least in part, in this District and venue is proper here for that reason as well.  (Id.)

*    *    *

---

[4] As in TuneUp Corporation's Notice Of Removal (Docket No. 1), TuneUp Corporation denies that it is liable to Plaintiff or the putative class, and that Plaintiff or the putative class is entitled to any damages.  Further, TuneUp Corporation does not endorse anything herein as representing Plaintiff's or the putative class's "damages" or as representing a proper "measure of damages," or a proper time period for damages.  TuneUp Corporation and Plaintiff offer this data solely to place certain facts before the Court that are relevant to evaluating the amount that the Complaint puts "in controversy."

[5] As stated in the Court's "Joint Jurisdictional Status Report" Order, the representations in this section are made solely by Plaintiff and should not be deemed admitted by TuneUp Corporation.

5

Dated: March 22, 2013                     Respectfully submitted,
       Chicago Illinois

| | |
|---|---|
| /s/ Benjamin H. Richman | /s/ Edward M. Crane |
| Jay Edelson | Edward M. Crane |
| Rafey S. Balabanian | SKADDEN, ARPS, SLATE, |
| Benjamin H. Richman |   MEAGHER & FLOM LLP |
| Chandler R. Givens | 155 North Wacker Drive |
| EDELSON LLC | Chicago, Illinois 60606 |
| 350 North LaSalle Street, Ste 1300 | (312) 407-0700 |
| Chicago, Illinois 60654 | edward.crane@skadden.com |
| (312) 589-6370 | |
| jedelson@edelson.com | Of counsel: |
| rbalanian@edelson.com | |
| brichman@edelson.com | James R. Carroll |
| cgivens@edelson.com | David S. Clancy |
| | Matthew M.K. Stein |
| | SKADDEN, ARPS, SLATE, |
| Counsel for Plaintiff |   MEAGHER & FLOM LLP |
| Carole Grant Hall | One Beacon Street |
| | Boston, Massachusetts 02108 |
| | (617) 573-4800 |
| | james.carroll@skadden.com |
| | david.clancy@skadden.com |
| | matthew.stein@skadden.com |
| | |
| | Counsel for Defendant |
| | TuneUp Corporation |

## CERTIFICATE OF SERVICE

Edward M. Crane, an attorney, hereby certifies that on March 22, 2013, he caused

a true and correct copy of the foregoing document to be served via the Court's ECF system on

the following attorneys:

Benjamin H. Richman (brichman@edelson.com)

I also caused a true and correct copy of the foregoing document to be served by

hand delivery on counsel at the address listed below:

Jay Edelson
Rafey S. Balabanian
Chandler R. Givens
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

Dated: March 22, 2013                                  /s/ Edward M. Crane
                                                                Edward M. Crane