**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CAROLE GRANT HALL, individually and on : behalf of all others similarly situated,
:
                Plaintiff,       No. 13 CV 1804
:
             v.       Hon. Samuel Der-Yeghiayan
: Magistrate Judge Susan E. Cox
TUNEUP CORPORATION, a Delaware corporation,   :

              Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REVISED JOINT STATUS REPORT**

In advance of the August 13, 2013 further status hearing in this action, the parties respectfully submit the following joint statement (their counsel are listed in the signature block).

**I.**     **NATURE OF CLAIMS AND COUNTERCLAIMS**

Plaintiff asserts claims for violation of the Illinois Consumer Fraud Act, fraudulent inducement, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment in connection with Defendant's TuneUp Utilities software, which Plaintiff asserts does not perform as purportedly represented. Defendant is not asserting any counterclaims at this time.

**II.**     **RELIEF SOUGHT BY PLAINTIFF**

Plaintiff seeks compensatory damages (in the form of all or a portion of the software's purchase price), punitive damages, restitution, injunctive relief, and attorney's fees and costs. Defendant denies Plaintiff is entitled to any relief.

**III.**     **NAMES OF PARTIES NOT SERVED**

Defendant TuneUp Corporation has accepted service of Plaintiff's Complaint.

IV. **PRINCIPAL LEGAL ISSUES**

<u>Procedural</u>. (1) If German law, which is selected by the license agreement Defendant contends governs Plaintiff's use of the software, applies to her claims; and (2) if it is proper to certify the putative class alleged in the Complaint.

<u>Merits</u>. If Plaintiff can prove her allegations that (1) Defendant violated the Illinois Consumer Fraud Act; (2) Defendant committed fraudulent inducement and if so, Plaintiff is entitled to punitive damages; (3) Defendant had a contract with Plaintiff and breached it; (4) Defendant violated the implied covenant of good faith and fair dealing with respect to Plaintiff; (5) Defendant was unjustly enriched; (6) Plaintiff's legal remedies are inadequate, allowing this Court to order equitable relief.

V. **PRINCIPAL FACTUAL ISSUES**

<u>Class certification</u>. The principal factual issues on class certification are if Plaintiff can prove that Rule 23's multiple requirements are met, including for example that common questions predominate over questions of fact or law that are individual to each putative class member and proceeding as a class action is superior to other methods for adjudicating the controversy. Plaintiff contends that she can prove those requirements are met; Defendant contends that she cannot.

<u>Merits</u>. The principal factual issues on the merits are, based on Ms. Hall's personal circumstances and experiences, (1) did Defendant violate the Illinois Consumer Fraud Act, (2) did Defendant commit fraudulent inducement, (3) did Defendant breach a contract with Ms. Hall and if so, what are her damages, and (4) was Defendant unjustly enriched.

VI. **LIST OF PENDING MOTIONS AND BRIEF SUMMARY OF THEIR BASES**

There are no motions currently pending. Plaintiff anticipates filing a class certification motion. Both parties anticipate filing summary judgment motions.

## VII. DESCRIPTION OF DISCOVERY REQUESTED AND EXCHANGED

The parties have not yet engaged in discovery in this matter but expect to commence discovery soon.

## VIII. TYPE OF DISCOVERY NEEDED

Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (1) the total number of individuals and entities who purchased any and all versions of the software at issue; (2) the number and nature of complaints regarding the software; (3) the number and amount of refunds requested and received by the members of the putative class related to their purchases of the software; (4) Defendant's representations regarding the purpose, utility, and effectiveness of the software; (5) the source code underlying the software and its functionality; and (6) the metrics (and the bases of those metrics) used by the software to assess and report the condition of the users' computers.

Defendant anticipates serving discovery requests similar in scope and nature to the discovery requests AVG Technologies CZ, s.r.o. served in Rottner v. AVG Technologies USA, Inc., D. Mass. Civil Action No. 12-10920-RGS (Exhibit A). Defendant also anticipates taking depositions, including of Plaintiff and any alleged expert witnesses she designates.

## IX. REVISED PROPOSED DATES

| Event | Deadline |
| --- | --- |
| Defendant's deadline to file an answer to the amended complaint | August 20, 2013 |
| Deadline to file motions to join parties or amend the pleadings | October 30, 2013 |
| Plaintiff's deadline to (1) designate expert(s) and submit expert report(s) on class certification issues and (2) file class certification motion | April 25, 2014 |
| Defendant's deadline to (1) depose Plaintiff's expert(s), (2) designate expert(s) and submit expert report(s) on class certification issues and (3) file opposition to Plaintiff's class certification motion | May 23, 2014 |
| Plaintiff's deadline to (1) depose Defendant's expert(s) and (2) file a reply in further support of her class certification motion | June 20, 2014 |

| Event | Deadline |
|---|---|
| Plaintiff's deadline to designate expert(s) and submit expert report(s) on merits issues | August 29, 2014 |
| Defendant's deadline to (1) depose Plaintiff's expert(s) and (2) designate expert(s) and submit expert report(s) on merits issues | September 26, 2014 |
| Plaintiff's deadline to depose Defendant's expert(s) | October 24, 2014 |
| Close of fact and expert discovery | October 24, 2014 |
| Deadline to file (1) summary judgment motions and (2) <u>Daubert</u> motions[1] | November 21, 2014 |
| Deadline to file oppositions to summary judgment motions and <u>Daubert</u> motions | December 19, 2014 |
| Deadline to file replies in further support of summary judgment motions and <u>Daubert</u> motions | January 16, 2015 |
| Deadline to file joint final pretrial order | February 27, 2015 |
| Final pretrial conference | March 6, 2015 |
| Deadline to file motions in limine | 1 week before trial |
| Trial begins | To be scheduled |

### X. ESTIMATION OF WHEN THE CASE WILL BE READY FOR TRIAL

The parties estimate that the case will be ready for trial on March 23, 2015.

### XI. PROBABLE LENGTH OF TRIAL

Plaintiff believes that a trial in this matter will require five court days. Defendant agrees with that estimate only to the extent that it believes a trial on Ms. Hall's individual claims would require five court days. However, Defendant believes that if a class were to be certified, it would have a substantial impact on the scope and complexity of any trial, and expects that it would adjust its estimate of trial time in the event a class were to be certified, in light of the substance of that Order.

### XII. WHETHER A REQUEST HAS BEEN MADE FOR A JURY TRIAL

Plaintiff has demanded a jury trial on all matters so triable in her Complaint.

---

[1] The parties reserve the right to seek to adjust the schedule for summary judgment motions if there will be summary judgment cross-motions, to provide for an organized briefing schedule.

4

## XIII. WHETHER THERE HAVE BEEN SETTLEMENT DISCUSSIONS AND IF SO THE OUTCOME OF THOSE DISCUSSIONS

Plaintiff has approached Defendant about the possibility of settlement, and Defendant is considering its response.

## XIV. WHETHER THE PARTIES CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

The parties respectfully decline to proceed before a Magistrate Judge for all purposes in this matter, but are open to referrals to a Magistrate Judge as deemed appropriate.

Dated: August 9, 2013
      Chicago Illinois

Respectfully submitted,

 /s/ Benjamin H. Richman
Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Chandler R. Givens
EDELSON LLC
350 North LaSalle Street, Ste 1300
Chicago, Illinois 60654
(312) 589-6370
jedelson@edelson.com
rbalanian@edelson.com
brichman@edelson.com
cgivens@edelson.com

Counsel for Plaintiff
Carole Grant Hall

 /s/ Edward M. Crane
Edward M. Crane
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700
edward.crane@skadden.com

Of counsel:

James R. Carroll (lead trial counsel)
David S. Clancy
Matthew M.K. Stein
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800
james.carroll@skadden.com
david.clancy@skadden.com
matthew.stein@skadden.com

Counsel for Defendant
TuneUp Corporation

**CERTIFICATE OF SERVICE**

    Edward M. Crane, an attorney, hereby certifies that on August 9, 2013, he caused a true and correct copy of the foregoing document to be served on counsel as follows:

> By the Court's ECF system: Rafey S. Balabanian (rbalabanian@edelson.com), Benjamin H. Richman (brichman@edelson.com); and
>
> By hand delivery at the following address: Jay Edelson, Chandler R. Givens, EDELSON LLC, 350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654.

Dated: August 9, 2013            /s/ Edward M. Crane
                             Edward M. Crane