# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAROLE GRANT HALL, individually and on behalf of all others similarly situated,<br><br>      *Plaintiff*,<br><br>    v.<br><br>TUNEUP CORPORATION, a Delaware corporation,<br><br>      *Defendant*. | Case No. 1:13-cv-01804<br><br>Honorable Andrea R. Wood<br><br>Magistrate Judge Susan E. Cox |

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING CLASS ONLY FOR SETTLEMENT PURPOSES, APPROVING PROCEDURE AND FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING

This matter having come before the Court on Plaintiff's Motion for preliminary approval (the "Motion for Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff Carole Grant Hall ("Plaintiff"), individually and on behalf of the Settlement Class, and Defendant TuneUp Corporation ("Defendant"), as set forth in the Parties' Stipulation of Class Action Settlement (the "Agreement" or "Settlement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

    1.    The Court has read and considered the Settlement, including its Exhibits, and having heard from the Parties hereby preliminarily approves the Settlement in its entirety. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

2. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that (i) the Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (iii) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and 28 U.S.C. §§ 1713-1714, and is not a coupon settlement for purposes of 28 U.S.C. § 1712. The Settlement, the Agreement, and this Order, collectively or individually, are not a finding or admission of liability by the Defendant or any other party.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All individuals and entities in the United States who through March 31, 2014 purchased a paid license to use TuneUp Utilities 2010, TuneUp Utilities 2011, TuneUp Utilities 2012, or TuneUp Utilities 2013 from tune-up.com, avg.com, or an authorized reseller.

TuneUp Utilities 2010, TuneUp Utilities 2011, TuneUp Utilities 2012, and/or TuneUp Utilities 2013 are collectively referred to as "TuneUp Utilities 2010-13."

4. For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiff Carole Grant Hall as Class Representative.

5. For settlement purposes only, the Court hereby preliminarily approves the appointment of Rafey S. Balabanian, Benjamin H. Richman, and Courtney C. Booth of Edelson PC as Class Counsel.

6. On December 16, 2014 at 10:00 a.m., or at such other date and time later set by Court Order, in courtroom 1725 of the Everett McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, this Court will hold a hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiff should be granted, and in what amount. No later than October 13, 2014, Plaintiff shall file Class Counsel's application for attorneys' fees and expenses (to which Defendant may, but is not required to, file a response), and the Incentive Award to the Class Representative. No later than December 2, 2014, Plaintiff shall file papers in support of final approval of the Settlement and in response to any written objections. Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as it does so no later than December 2, 2014.

7. Pursuant to the Agreement, Kurtzman Carson Consultants, LLC is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

8. The Court approves the proposed Notice Plan for giving direct notice to the Settlement Class by e-mail and establishing a Settlement Website, as more fully described in the Agreement. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances. No later than August 19, 2014, the Settlement Administrator shall cause the Settlement Website to be published on the Internet. No later than August 26, 2014, and in accordance with the terms of the Agreement, the Settlement Administrator shall disseminate the Settlement Class Notice that is Exhibit A to the Agreement via e-mail to the Settlement Class (i.e., the Notice Date). No later

than October 10, 2014, the Settlement Administrator will disseminate another copy of the Settlement Class Notice via e-mail to the Settlement Class.

9. Each Person who meets the definition of the Settlement Class and who wishes to exclude themselves from the Settlement Class must send a written Request For Exclusion to the Settlement Administrator by October 27, 2014, providing his, her, or its name and address; the e-mail address he, she, or it believes was used in connection with the purchase on or before March 31, 2014 of a paid license for TuneUp Utilities 2010-13 from tune-up.com, avg.com, or an authorized reseller; a physical signature by the Person seeking exclusion; the name and number of the case (i.e., *Hall v. TuneUp Corporation*, N.D. Ill. No. 13 CV 1804); and a statement that he, she, or it wishes to be excluded from the Settlement Class for purposes of this Settlement. A Request for Exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the notice, or that is not received within the time specified, shall be invalid and any Person(s) serving such a request shall be deemed a member of the Settlement Class and shall be bound as a Settlement Class Member(s) by the Settlement; provided that any ambiguity will be construed in favor of exclusion. The Settlement Administrator shall promptly forward copies of all Requests for Exclusion to Class Counsel and Defendant's Counsel.

10. Any member of the Settlement Class may comment in support of or in opposition to the Settlement; provided, however, that all comments and objections must be filed with the Court and be mailed or otherwise delivered to Class Counsel and Defendant's Counsel by October 27, 2014. Any Settlement Class Member represented by counsel must file their objection through the Court's CM/ECF system and need not separately mail a copy to Class Counsel or Defendant's Counsel. A Settlement Class Member who objects to the Settlement

need not appear at the Fairness Hearing for his, her, or its comment to be considered by the Court. All objections from Settlement Class Members must include in the written submission his, her, or its name and address; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); state that he, she, or it is a Settlement Class Member; provide his, her, or its name and address; provide the e-mail address he, she, or it believes was used in connection with the purchase on or before March 31, 2014 of a paid license for TuneUp Utilities 2010-13 from tune-up.com, avg.com, or an authorized reseller; provide a physical signature by the Person; and provide a statement indicating whether he, she, or it intends to appear at the Fairness Hearing with or without counsel. Plaintiff or Defendant or both may take any objector's deposition or request documents from any objector regarding the matter, subject to Court approval.

      11.    Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

      12.    The Agreement and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party. Defendant has denied and continues to deny the claims asserted

by Plaintiff. Nothing contained herein shall be construed to prevent the Parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

13. The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Settlement Class will be automatically decertified, and the Action shall proceed as if the Settlement Class had never been certified; Defendant's right to oppose a later motion for class certification, if any, will be unimpaired by this Order and related proceedings; and no reference to the Settlement Class, the Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this 28th day of August, 2014.

Andrea R. Wood
United States District Judge